# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| Andrew Chartier,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>M. Richard Epps P.C., Equifax Information Services, LLC, TransUnion, LLC, Cohn, Goldberg & Deutsch, LLC, and Green Tree Servicing, LLC,<br><br>　　　　　　Defendants. | Civil Action No.:  1:14-cv-01071-ELH<br><br>**FIRST AMENDED COMPLAINT** |

Pursuant to Fed. R. Civ. P. 15(a)(1)(B), Plaintiff, Andrew Chartier, by undersigned counsel, submits his First Amended Complaint as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") in their illegal efforts to collect a consumer debt.

2. The jurisdiction of this Court is conferred by 28 U.S.C. § 1367, in that this action arises under the FDCPA and FCRA.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Plaintiff resides in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Andrew Chartier ("Plaintiff"), is an adult individual residing in Hagerstown, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and 15 U.S.C. § 1681a(c).

5. Defendant, M. Richard Epps P.C. ("M. Richard Epps"), is a Virginia business

entity with an address of 605 Lynnhaven Parkway, Suite 10, Virginia Beach, Virginia 23452, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Defendant, Equifax Information Services, LLC ("Equifax"), is a Georgia corporation with an address of 1550 Peachtree Street Northwest, Atlanta, Georgia, operating as a consumer reporting agency as the term is defined by 15 U.S.C. § 1681(a)(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(a)(d), to third parties.

7. Defendant, TransUnion, LLC ("TransUnion"), is a Delaware limited liability corporation with a business address of 555 W. Adams, Chicago, Illinois, operating as a consumer reporting agency as the term is defined by 15 U.S.C. § 1681(a)(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(a)(d), to third parties.

8. Defendant, Cohn, Goldberg & Deutsch, LLC ("Cohn") is a Maryland business entity with an address of 600 Baltimore Avenue, Suite 208, Towson, Maryland 21204, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

9. Defendant, Green Tree Servicing, LLC ("Green Tree") is a business entity with an address of 345 St. Peter Street, St. Paul, Minnesota 55102. In addition to providing consumer loans, Green Tree furnishes consumer information to credit reporting agencies.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

10. The Plaintiff incurred a financial obligation (the "Debt") to Green Tree (the "Green Tree").

11. The Debt arose from services provided by the Green Tree which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

12. When the Debt became delinquent, Green Tree assigned it to M. Richard Epps for collection.

13. On September 21, 2011, Plaintiff entered into a settlement agreement with Green Tree, through M. Richard Epps.

14. The Agreement provided that the settlement amount is $21,113.00 (Par. 1). Under the Agreement, Plaintiff promised to pay an initial installment of $2,500.00 by September 30, 2011 and then $328.26 per month for 48 months thereafter. A copy of the agreement is attached hereto as Exhibit A.

15. The Agreement specifically provided that Plaintiff could pre-pay the settlement amount "without penalty." (Par. 4)

16. As of July 29, 2013, pursuant to that Agreement, Plaintiff paid the debt in full by tendering checks to M. Richard Epps, all of which cleared Plaintiff's account.

17. On July 29, 2013, M. Richard Epps, knowing that Plaintiff had moved to Maryland, emailed Plaintiff and stated that there was a "typographical error in the agreement" and that Plaintiff owed $2,869.52 more. A copy of the email is attached hereto as Exhibit B. Epps demanded that additional money be paid.

18. In demanding money from Plaintiff while knowing that he lived in Maryland, M. Richard Epps purposefully directed his activities into the State of Maryland.

19. Thereafter, M. Richard Epps continued to attempt to collect the Debt from Plaintiff.

20. M. Richard Epps then forwarded the account to Cohn, a Maryland law firm, to

collect the entire debt, constituting more than $25,001.46, on behalf of Green Tree, without any credit for payments made or acknowledgment that they have been received.

21. The letter falsely threatened to sue Plaintiff on the debt he had already paid.

22. In addition, in or around December 2013, Plaintiff became aware that Green Tree was negatively reporting the Debt to one or more of the three national consumer reporting agencies (hereafter "CRAs").

23. On or about January 11, 2014, Plaintiff sent a dispute letter to Equifax and TransUnion, and informed them that the Debt had been paid in full pursuant to his settlement agreement with M. Richard Epps and Green Tree. Plaintiff requested that the CRAs verify and correct his credit file to show that the Debt had been paid.

24. Despite receipt of said dispute letter, Equifax and TransUnion continued to report the Debt as having a current balance due and payable.

25. Upon Plaintiff's request for verification and correction, and in accordance with their standard procedures, Plaintiff is informed and believes and thereon alleges that Equifax and TransUnion did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any attempt to substantially or reasonably verify Green Tree's representation. In the alternative, in the event that Equifax and TransUnion did forward some notice of the dispute to Green Tree, Green Tree failed to conduct a lawful investigation into Plaintiff's dispute and further failed to correct its tradeline.

### A. **Plaintiff Suffered Actual Damages**

26. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

27. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and

embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.
(as to Defendants M. Richard Epps and Cohn)

28. The Plaintiff incorporates by reference all of the above paragraphs of this Amended Complaint as though fully stated herein.

29. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

30. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

31. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount, and legal status of the Debt.

32. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

33. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

34. The Defendants' conduct violated 15 U.S.C. § 1692f(1) in that Defendants attempted to collect more than was owed.

35. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

36. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681, *et seq*.

(as to Defendants Green Tree, Equifax and TransUnion)

37. Plaintiff incorporates by reference all of the above paragraphs of this Amended Complaint as though fully stated herein.

38. In the entire course of their actions, Defendants willfully and/or negligently violated multiple provisions of the FCRA in one or more of the following respects:

39. Equifax and TransUnion violated 15 U.S.C. § 1681e(b) by failing to implement and/or follow "reasonable procedures to assure maximum possible accuracy" of the information they publish in consumer credit reports.

40. Equifax and TransUnion violated 15 U.S.C. § 1681i by failing to delete inaccurate information from Plaintiff's credit file after having received actual notice of such inaccuracies; by failing to conduct lawful reinvestigation; by failing to forward all relevant information to Zenith; by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

41. Green Tree violated 15 U.S.C. § 1681s-2(b) by willfully and/or negligently failing to conduct an investigation with respect to the disputed information; by failing to review all relevant information provided by the consumer reporting agencies pursuant to section 1681i; and by failing to modify, delete or permanently block the disputed information.

42. Defendants' conduct, action and inaction was willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Defendants' conduct was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

43. As a result of Defendants' conduct, action and inaction, Plaintiff incurred actual damages in the form of denial of credit and the inability to increase existing credit lines. Plaintiff also suffered damages by loss of the ability to purchase and benefit from credit and the mental and emotional pain, humiliation and embarrassment of credit denials.

44. Plaintiff is entitled to recover costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT III
## BREACH OF CONTRACT
(as to Defendant Green Tree)

45. Plaintiff incorporates by reference all of the above paragraphs of this Amended Complaint as though fully stated herein.

46. Green Tree entered into a settlement agreement with Plaintiff in which the parties agreed to perform certain duties.

47. Plaintiff performed his part of the contract by tendering payments to Green Tree pursuant to the agreement's terms.

48. Green Tree breached the terms of the agreement by attempting to collect an additional amount from Plaintiff and by failing to update his credit report to reflect that the Debt had been paid.

49. As a result of the foregoing breaches, Plaintiff has sustained damages, including actual damages in the form of damage to Plaintiff's credit score.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants, jointly and severally, as follows:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants M. Richard Epps and Cohn;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendants M. Richard Epps and Cohn;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants M. Richard Epps and Cohn;

4. Statutory and actual damages pursuant to 15 U.S.C. § 1681 against Defendants Equifax, TransUnion and Green Tree;

5. Attorneys fees and costs pursuant to 15 U.S.C. § 1681 against Defendants Equifax, TransUnion and Green Tree;

6. Money damages in whatever amount Plaintiff is found to be entitled, plus interest, costs, incidental and consequential damages against Defendant Green Tree; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 20, 2014

        Respectfully submitted,

        By  /s/ Sergei Lemberg
        Sergei Lemberg, Esq.
        LEMBERG LAW L.L.C.
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile:  (203) 653-3424
        ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2014, a true and correct copy of the foregoing First Amended Complaint was served electronically by the U.S. District Court District of Maryland Electronic Document Filing System (ECF), which sent notice of such filing to the following:

Nathaniel K. Risch, Esq.
Law Offices of Mann & Risch, LLC
218 E. Lexington St., Ste. 600
Baltimore, Maryland 21202
nate@mannrisch.com

                                                    By  /s/ Sergei Lemberg
                                                    Sergei Lemberg, Esq.